UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Case Number: WA:16-CR-00112(1) |
| § | |
| (1) KRISTIAN JESSE CULVER § | |
| *Defendant* | |

# ORDER ON COURTROOM DECORUM AND TRIAL PROCEDURES

Came on for consideration <u>sua sponte</u> this date, in the above numbered cause, the herein below Order of the Court regarding Courtroom Decorum.

IT IS HEREBY ORDERED that, in addition to strictly complying with the provisions of Rule AT-5, Local Rules of the United States District Court for the Western District of Texas, Counsel herein, unless excused by the undersigned, shall:

(1) Stand as Court is opened, recessed or adjourned.

(2) Stand when the jury enters or retires from the Courtroom.

(3) Stand when addressing or being addressed by the Court.

(4) Stand at the lectern while examining any witness; except that counsel may approach the Clerk's desk or, with leave of Court, the witness, for purposes of handling or tendering exhibits.

(5) Stand at the lectern while making opening statements or closing arguments.

(6) Address all remarks to the Court, not to opposing counsel.

(7) Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

(8) Refer to all persons, including witnesses, other counsel, and the parties, by their surnames, not by their first or given names.

(9) Only one attorney for each party shall examine or cross-examine each witness. The attorney stating objections, if any, during direct examination shall be the attorney recognized for cross examination.

(10) Counsel should request permission before approaching the bench; and any document counsel wishes to have the Court examine should be handed to the Clerk.

(11) Any paper or exhibit not previously marked for identification should first be handed to the Clerk to be marked before it is tendered to a witness for his or her examination; and any exhibit offered in evidence should, at the time of such offer, be handed to opposing counsel.

(12) In making objections, counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court. Any arguments on objections shall be made by counsel at the bench.

(13) In examining a witness, counsel shall not repeat or echo the answer given by the witness.

(14) Offers of, or requests for, a stipulation should be made privately, not within the hearing of the jury.

(15) In opening statements and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue; shall not read or purport to read from deposition or trial transcripts; and shall not suggest to the jury, directly or indirectly, that it may or should request transcripts or the reading of any testimony by the Court Reporter.

(16) Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

IT IS FURTHER ORDERED that, when appropriate, the above-enumerated rules of Courtroom Decorum shall be applicable to other persons seated at counsel table.

IT IS FURTHER ORDERED:

A. The Court requests of counsel for the Government that, at the conclusion of each day's testimony, said counsel deliver to the Court and to defense counsel a list of those witnesses expected to be called by the Government for the next trial day and shall likewise deliver in the same fashion any Jencks Act or Brady material not previously delivered regarding the testimony of those witnesses expected to be called. Counsel for the Government will not be absolutely bound to call any particular witness so listed, nor will said counsel be required, in calling listed witnesses, to call witnesses in the sequence listed. On good cause shown in camera to the Court, certain witnesses may be exempt from appearing on aforementioned witness lists.

B. For purposes of the excusal of witnesses, any witness called by a party is deemed to be under the control of that party and the witness may be excused if the said calling party so desires and announces. Should other counsel desire the witness to be available for later use, said counsel must so state and shall be responsible for such subsequent attendance of the said witness.

C. Right of counsel to confer with witnesses: Counsel who calls a witness for direct examination may confer with said witness during recesses of the Court so long as that witness remains under direct examination. Counsel may not confer with his or her witness during cross-examination, but may again confer with said witness during redirect examination. This provision is not applicable to a Defendant who testifies in his or her own behalf, and such a Defendant so testifying shall be free to confer with his or her attorney at any time, nor shall it apply to the Government's designated case agent.

D. Counsel and parties shall adhere strictly to Court trial schedules and shall be present promptly at the time set for the beginning of trial each day. Unless otherwise announced by the Court, the trial will commence promptly at 9:00 A.M. each day.

E. A Deputy U.S. Marshal or Clerk of this Court shall each day purchase copies of an edition of a local general circulation newspaper, excise any and all portions thereof which relate to this trial, and, with agreement of the Court, make such newspaper(s) available to jurors in the jury room.

F. During recesses and trial, counsel and parties shall not speak to nor associate with

jurors. The U.S. Marshal's Office shall provide for strict security of the jurors and shall allow no contact between jurors and Defendants.

      G.      Unless excused by the Court, any Defendant herein who is on bond and therefore not in custody shall present himself or herself to a Deputy U.S. Marshal in the courthouse office of the U.S. Marshal each trial day thirty (30) minutes prior to the commencement of trial, and a Deputy U.S. Marshal shall be authorized to execute any reasonable search or security review of such Defendant in the Marshal's Office out of the presence of the jury prior to his or her entry into the Courtroom.

      H.      Repetitive Cross-Examination: In the cross-examination of witnesses, counsel will avoid and refrain from re-asking the same questions previously asked of a witness by other counsel.

      I.      All counsel shall assist the Court in protecting the sanctity and security of the jury and shall not disclose in the presence of the jury any information or material extraneous to the evidence admitted into the record. Disclosure before the jury of significant information extraneous to the evidence admitted will be considered to be misconduct which obstructs the Court in the performance of it's judicial duty subject to punishment through contempt of Court under Rule 42. Counsel shall cooperate in seeking to secure jurors from contact with the lawyers in the case, defendant(s), case agents and other participants in the trial.

      J.      Should "the Rule" relating to the presence of witnesses in the Courtroom be invoked, all parties shall assist the Court, the Deputy U.S. Marshal(s) and the Courtroom Deputy Clerk in keeping any witnesses who are expected to testify outside of the Courtroom during trial. Failure of counsel to notify the Court, the appropriate Deputy U.S. Marshal (s) and/or the Courtroom Deputy Clerk of the unauthorized presence in the Courtroom of such a witness after "the Rule" is invoked will result in prompt and appropriate remedial action by the Court toward the offending counsel or party.

      K.      Jury voir dire will be conducted solely by the Court. All requested voir dire questions must be submitted to the Court in writing prior to jury selection.

IT IS ORDERED that a copy of this Order shall be furnished to all counsel of record herein.

Signed this 22nd day of April, 2016.

_____
JEFFREY C MANSKE
U.S. MAGISTRATE JUDGE